RECEIVED

APR 0 1 2014
3/5 m
SUPERIOR COURT
OF GUAM
CLERKS OFFICE

FILED
SUPERIOR COURT
OF GUAM

2014 APR -2 PM 2: 15

CLERK OF COURT
BY

**LAW OFFICE OF CATHERINE BEJERANA CAMACHO, ESQ.**
267 South Marine Corps Drive
Suite 302
Tamuning, Guam 96913
Telephone: (671) 647-4223
Facsimile: (671) 647-4223
Email: cbclawoffice@gmail.com

Attorney for Defendant
*BEN B. MALABANAN, JR.*

### IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARIA CECILIA TIU MALABANAN, ) | DOMESTIC CASE NO.: DM0709-11 |
| Plaintiff, ) | |
| v. ) | ~~[PROPOSED]~~ DECISION AND ORDER |
| BEN B. MALABANAN, JR., ) | |
| Defendant. ) | |

### INTRODUCTION

This matter came before the HONORABLE JAMES L. CANTO, II on the 26TH day of February, 2014 for a bench trial. Defendant Ben B. Malabanan, Jr. and his counsel, Catherine Bejerana Camacho, Esq. were present. Plaintiff Maria Cecilia Tiu Malabanan was not present. However, Jeffrey A. Cook appeared on behalf of Plaintiff Maria Cecilia Tiu Malabanan prior to the commencement of trial and advised the court that neither he nor his client will be appearing for the remainder of the proceedings. After considering the matter presented, the court now issues the following decision and order.

### BACKGROUND

Defendant Ben B. Malabanan, Jr. (herein "Mr. Malabanan") and Plaintiff Maria Cecilia Tiu Malabanan (herein "Mrs. Malabanan") were married in the Philippines on June 20, 1994.

G:\LawOffice\1162-1110-BBM(a)\D and O.wpd-

The marriage produced one child, to *wit*, Mia Sara Elizabeth Ann Tiu Malabanan (D.O.B. 03-10-1995), who reached the age of majority during the pendency of the divorce proceedings.

On October 10, 2011, Mrs. Malabanan filed a Complaint for Divorce. On December 9, 2011, Mr. Malabanan filed an Answer and Counterclaim for Divorce. On December 18, 2013, Mrs. Malabanan filed a Stipulation of to Dismiss Complaint for Divorce, which was signed by the Court on January 21, 2014. Prior to trial, Mrs. Malabanan also filed a Withdrawal of Notice of Motion and Motion to Amend Answer. Based on Mrs. Malabanan's dismissal of her Complaint for Divorce, the only pending action that remained for the Court's consideration at trial was Mr. Malabanan's Counterclaim for Divorce.

**DISCUSSION**

The court begins its discussion by noting that based upon Mr. Malabanan's Counterclaim for Divorce and his testimony, the parties were separated on February 27, 2011. Consequently, the parties were married for sixteen (16) years and eight (8) months.

This marriage produced one child, Mia Sara Elizabeth Ann Tiu Malabanan, who remained under the physical custody of Mr. Malabanan since the parties separation. Since the parties separation, Mr. Malabanan has been responsible for taking care of this minor child, and Mrs. Malabanan did not remit any child support payment to Mr. Malabanan.

A. GROUNDS FOR DIVORCE. The court finds sufficient grounds to establish that the marriage between the parties is irretrievably broken. The court will grant Mr. Malabanan a divorce from Mrs. Malabanan based on irreconcilable differences.

B. SPOUSAL SUPPORT. Although the court previously ordered temporary spousal support to Mrs. Malabanan, the court terminates any temporary spousal support order as of the date of the trial. In light of Mrs. Malabanan's dismissal of her Complaint for Divorce, Mrs. Malabanan's failed to maintain any action for spousal support.

G:\LawOffice\1162-1110-BBM(a)\D and O.wpd-

Moreover, the court also finds that Mrs. Malabanan is a highly educated individual, who has pursued numerous business ventures throughout her marriage to Mr. Malabanan. It was further established during trial that Mr. Malabanan invested a significant amount of community properties and monies to aid Mrs. Malabanan in the furtherance of her educational and business pursuits throughout the marriage. Accordingly, the court finds that Mr. Malabanan is no longer required to support Mrs. Malabanan after the divorce. Thus, no permanent spousal support is ordered.

C. DIVISION OF COMMUNITY PROPERTIES AND DEBTS.

Since the parties separation in February 27, 2011, the parties minor child has been under the physical custody and care of Mr. Malabanan. It was established during trial that Mrs. Malabanan has not paid child support to Mr. Malabanan

It was also established that Mr. Malabanan has been responsible for paying the bulk of the parties' community debts, most especially the two mortgages encumbering the parties' Ewa Beach Hawaii property.

Moreover throughout the marriage, Mr. Malabanan incurred several financial losses as a result of various investments made by Mrs. Malabanan.

Based on the above and upon the witnesses testimonies at trial, the court finds the following distribution of community properties and debts to be fair and equitable.

Mr. Malabanan shall have as his sole and separate property the following: Ben B. Malabanan's DDS, PC.; any tangible and intangible items related to Mr. Malabanan's dental practice; ANZ Bank Account under Ben B. Malabanan's DDS, PC; Mr. Malabanan's Life Insurance; Mr. Malabanan's jewelries, clothes, and personal effects; 2011 BMW X5; 2006 Landrover LR3; and, any savings and checking accounts under her name. Mr. Malabanan will be responsible for the debts, if any, that encumber any of the properties that he has been awarded.

G:\LawOffice\1162-1110-BBM(a)\D and O.wpd−

Additionally, Mr. Malabanan shall be responsible for any debts incurred in his name alone, or incurred since the separation, that is not specifically disposed of in this Decision and Order.

Mrs. Malabanan shall have as her sole and separate property the following: Mrs. Malabanan Life Insurance; Mrs. Malabanan's jewelries, clothes, and personal effects; Serendra, II Condo located in the Philippines; 2010 KIA Sportage; and, any savings and checking accounts under her name. Mrs. Malabanan will be responsible for the debts, if any, that encumber any of the properties that she has been awarded. Additionally, Mrs. Malabanan shall be responsible for any debts incurred in her name alone, or incurred since the separation that is not specifically disposed of in this Decision and Order.

With respect to the educational account set up for the parties' child, it was established during trial that Mia Sara Elizabeth Tiu Malabanan has possession of the account. Because this was the intent of the account, Mia Sara Elizabeth Tiu Malabanan shall continue to have sole control and benefit over the account.

With respect to the Hilton Grand Vacation Club, the parties shall sell the membership interest, and shall divide the proceeds equally.

With respect to the Ewa Beach Hawaii Property, the parties shall continue to cooperate in the sale of the property. Any proceeds realized from the sale of the property shall be equally divided between the parties. Any loss or payments as a result of the sale of the property shall also be equally divided between the parties. If the property is not sold, then the parties shall be jointly and severally liable on the continued mortgage payments on the property, as well as any expenses related to the property.

**CONCLUSION.**

The Court, therefore, grants Mr. Malabanan a divorce from Mrs. Malabanan on the ground

G:\LawOffice\1162-1110-BBM(a)\D and O.wpd-

of irreconcilable differences.  The community properties and debts will distributed in accordance with the above.

SO ORDERED this _____ day of __APR 0 2 2014__ , 2014..

_____
HONORABLE JAMES L. CANTO, II
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the
original hereto was placed in the
court box of:

Catherine Camacho
Jeff Cook
Date: 4/2/14 Time: 220 pm

Deputy Clerk, Superior Court of Guam

G:\LawOffice\1162-1110-BBM(a)\D and O.wpd-